IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1323 |
| Approximately 300 ETH held in a privately-hosted wallet ending in D3E8 in the name of Noman Saleem | : : | |
| Defendant | : | |

...oOo...

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, the United States of America, by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and Steven T. Brantley, Assistant United States Attorney, brings this verified complaint for forfeiture *in rem* and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action *in rem* against approximately 300 Ether cryptocurrency held in a privately-hosted wallet ending in D3E8 in the name of Noman Saleem, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud), and therefore should be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THE DEFENDANT *IN REM*

2. The Defendant Property consists of approximately 300 Ether held in a privately-hosted wallet ending in D3E8 in the name of Noman Saleem (Asset ID: 24-FBI-001570, the "Defendant Property") seized on or about December 6, 2023.

3. The Defendant Property is currently in the custody of the Federal Bureau of Investigation in a government cryptocurrency wallet (Asset ID: 24-FBI-001570).

4. The United States brings this action *in rem* in its own right to forfeit all right, title, and interest in the Defendant Property.

5. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of FBI Special Agent Loi H. Cao, which is incorporated herein by reference.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981(a)(1)(C).

7. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts and omissions giving rise to the forfeiture took place in the District of Maryland.

## **LEGAL BASIS FOR FORFEITURE**

9. The Defendant Property is subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

**WHEREFORE**, the Plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Property be cited to appear herein and answer the Complaint; that the Defendant Property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States dispose of the Defendant Property according to law; and that the plaintiff receive such other and further relief as this Court deems proper and just.

Respectfully submitted,

Erek Barron
United States Attorney

_____/s/_____
Steven Brantley
Assistant United States Attorney
District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209

**VERIFICATION**

I, Loi H. Cao, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Date: 5/6/2024

Loi H. Cao
Special Agent
Federal Bureau of Investigation